D1F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────X

ERIS BLOUNT,                                                  10-CV-01548 (ARR)

            Plaintiff,                              **MEMORANDUM
                                                              AND ORDER**
-against-

RICHARD A. BROWN, individually, and as                        NOT FOR PRINT OR
Supervisor of the Queens County District                      ELECTRONIC
Attorney's Office; JOSETTE SIMMONS,                           PUBLICATION
individually, and a Assistant District Attorney
Records Access Officer, Queens County;
GARY S. FIDEL, individually, and as
Executive Assistant District Attorney and
Supervising Officer of the F.O.I.L. Appeals
Unit, Queens County,

            Defendants.
──────────────────────────────X
ROSS, United States District Judge:

      Plaintiff, currently incarcerated at Green Haven Correctional Facility pursuant to a 1983 state court conviction, proceeding *pro se*, files this complaint pursuant to 42 U.S.C. § 1983 against various officials within the Queens County District Attorney's Office alleging that their refusal to grant his request under New York's Freedom of Information Law ("FOIL") for "access to forensic test results of hair samples" violated his constitutional rights. Plaintiff seeks the release of the requested tests and documents. Compl. at 11. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. Plaintiff's complaint is dismissed for the reasons stated below.

**I. Background**

      In 1983, plaintiff was convicted of one count of rape, two counts of first degree burglary

1

and four counts of robbery in Queens County. He is currently serving two consecutive terms of twelve and one-half to twenty-five years.

Plaintiff has pursued numerous state court appeals and post-conviction motions and has filed at least six habeas petitions in this Court. See, Blount v. Sullivan, NO. 87-CV-2998, 1989 WL 57429, at * 1 (E.D.N.Y. May 23, 1989); Blount v. Keane, 89-CV-2449 (CPS); Blount v. Keane, No. 90-CV-3050, 1991 WL 81930, at *1 (E.D.N.Y. May 6, 1991); Blount v. Keane, 91-CV-115 (CPS); Blount v. Artuz, 94-CV-5389 (CPS); Blount v. Artuz, 97-CV-544 (CPS). Throughout these proceedings, he has maintained his innocence. Among his efforts are 1994 and 1995 FOIL requests of the police department and medical examiner's office for investigative and laboratory reports concerning plaintiff's blood, saliva and pubic hair samples taken in 1992. Compl. at 5-6, Exs. B-E. These requests were denied.

Later, in 2007, when he learned via a private investigator that in 1982 there had been an Affidavit filed by the District Attorney's Office and a Court Order directing the collection of pubic hair samples, Compl., Ex. A, he again filed a FOIL request, directed this time at the Queens County District Attorney's Office. It is the denial of that request by the District Attorney's Office on January 29, 2008, and the denial of his appeal by defendant Fidel, Executive Assistant District Attorney, FOIL Appeals Officer on February 25, 2008 that plaintiff seeks to challenge herein. Compl. 7-8, Exs. H-L. Plaintiff does not allege that he pursued any further review of the denial of his FOIL request.

**II. Standard of Review**

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Abbas v. Dixon, 480 F.3d 636, 639-40 (2d Cir. 2007). In reviewing plaintiff's complaint, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). The Court construes plaintiff's pleadings liberally particularly because they allege civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

### III. Discussion

#### A. *Section 1983*

Plaintiff brings this action alleging violations by defendants pursuant to 42 U.S.C. § 1983. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . . 42 U.S.C. § 1983.

#### B. *FOIL Request & Due Process*

In essence, Blount alleges that pursuant to the New York State's Freedom of Information Law ("FOIL"), *see* N.Y. Pub. Off. Law §§ 84-90, he requested copies of all "laboratory analysis reports of pubic hair samples from the crime scene and from him," the medical examiner's

3

report, the "laboratory case number" and the names of those involved in the testing, Compl. at 7, and that defendants denied his requests and thereby deprived him of Due Process.

With respect to any due process claim, "[t]he threshold issue is always whether the plaintiff has a property or liberty interest protected by the Constitution." Narumanchi v. Bd. of Trustees of Conn. State Univ., 850 F.2d 70, 72 (2d Cir.1988). "*If* a protected interest is identified, a court must then consider whether the government deprived the plaintiff of that interest without due process." Id. (emphasis original).

*C. Property Interest in Obtaining FOIL Documents*

"As several courts in th[is] Circuit have held, 'a plaintiff has no property interest in obtaining FOIL documents.'" Lawrence v. Baxter, No. 03-CV-228S, 2004 WL 1941347, at *3 (W.D.N.Y. Aug. 31, 2004), aff'd, 139 Fed. Appx. 365 (2d Cir. 2005) (quoting O'Bradovich v. Village of Tuckahoe, 325 F. Supp. 2d 413, 432 (S.D.N.Y. 2004)); Simpson v. Town of South Hampton, no. 06-CV-6743, 2007 WL 1755749, at *4 (E.D.N.Y. 2007); Webb v. Ashburn, No. 96 Civ. 325, 1997 WL 118355, at *6 (S.D.N.Y. Mar.17, 1997); Billups v. Millet, No. 91 Civ. 6326, 1996 WL 99399, at *4 (S.D.N.Y. Mar. 6, 1996). "Specifically, because FOIL documents need only be produced after a request and investigation by the state entity, see N.Y. Pub. Off. Law §§ 84-89, individuals making such request do not have anything beyond a mere expectation in such documents, and, thus, do not have an entitlement to requested documents that is protected by the Fourteenth Amendment." Simpson, 2007 WL 1755749 at *4. Thus, without the property interest in the documents required for due process claims, the defendants' failure to provide the requested documents does not amount to a constitutional violation. Id. (quoting O'Bradovich, 325 F. Supp. 2d at 432-433).

4

*D. Deprivation*

In this case, even assuming *arguendo* that plaintiff had a protected property interest in the FOIL documents, his due process claim would still fail as a matter of law because he has not shown that the state post-deprivation process is inadequate. New York law provides a remedy for the improper denial of a FOIL request. A person denied access to requested documents may appeal the denial to the "head, chief executive or governing body" of the entity or agency in possession of the documents. N.Y. Pub. Off. Law. § 89(4)(a). The person must then challenge the denial of the FOIL request on appeal by commencing a proceeding under Article 78 of the New York Civil Practice Law and Rules. N.Y. Pub. Off. Law. § 89(4)(b). See Schuloff v. Fields, 950 F. Supp. 66, 67-68 (E.D.N.Y. 1997) ("The appropriate vehicle for challenging denials of access guaranteed by the New York Freedom of Information law is a state court proceeding pursuant to N.Y.C.P.L.R. Article 78 upon exhaustion of administrative remedies.") (citing Greenberg v. Bd. of Educ. Of the City of N.Y., 125 F.R.D. 361, 362 (E.D.N.Y. 1989). Thus, with respect to the question of constitutional due process and FOIL requests, "adequate process is clearly available through an Article 78 proceeding to remedy an improper denial of disclosure." Ferrara v. Superintendent, N.Y.S. Police Dep't., 26 F. Supp. 2d 410, 414 n.3 (N.D.N.Y. 1998); Davis v. Guarino, 52 Fed. Appx. 568 (2d Cir. 2002) (The denial of plaintiff's FOIL request did not violate due process because "an Article 78 proceeding is a perfectly adequate post-deprivation remedy) (citing Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 880-881 (2d Cir. 1996); see also Simpson, 2007 WL 1755749 at *4 ("With the regard to a denial of a FOIL request, adequate post-deprivation proces is clearly available through an Article 78 proceeding in New York State court to remedy an imporper denial of plaintiff's FOIL requests.").

In other words, the procedures set forth under New York law are sufficient to protect any property interest that a person might have in the receipt of FOIL documents. Accordingly, plaintiff has failed to state a claim under § 1983 and the complaint is dismissed. 28 U.S.C. § 1915A.

*E. Distinct from Cases Seeking Physical Evidence for DNA Testing*

To the extent plaintiff seeks to bring his case under the umbrella of cases in which Due Process grants a convicted offender access to physical evidence for the purpose of DNA testing, Compl. at ¶ 3, his effort is misplaced. This action is fundamentally different. In those cases, a post-conviction defendant seeks physical or biological evidence for DNA testing that was either not conducted for trial or not available. Here, plaintiff seeks not physical evidence, but the results of DNA testing already conducted on physical evidence in the course of the investigation, but not introduced at his trial. That is, not only was the DNA testing done prior to his trial and is therefore not "new" evidence, the evidence he seeks was not used to secure his conviction.

Plaintiff relies on McKithen v. Brown, 565 F. Supp. 2d 440 (E.D.N.Y. 2008) to claim a due process right to the documents he seeks. Not only does McKithen concern different evidence - physical evidence for the purpose of DNA testing rather than documentary evidence - and different state procedures - N.Y. Crim Pro. C. L. § 440.30(1-a)(a) versus FOIL - its holding has been altered by the Supreme Court's decision in District Attorney's Office for the Thrid Judicial Dist. v. Osborne, ___ U.S.___, 129 S.Ct. 2308, 174 L.Ed.2d 38 (2009).

> In Osborne, the Supreme Court recently addressed a plaintiff's constitutional right to obtain post-conviction access to evidence for DNA testing. "Osborne brought a section 1983 action to compel the release of biological evidence so that it could be subject to DNA testing. Osborne claimed both a substantive and procedural due process right to the evidence under the Federal Constitution and a procedural due process right stemming from an Alaskan state

> statute that provided for postconviction access to evidence. The Supreme Court expressly rejected Osborne's argument that postconviction defendants have a substantive or procedural due process right to postconviction DNA evidence. However, the Court found that when a state enacts a statute providing postconviciton defendants access to evidence and a procedure for accessing such evidence, the state has created a liberty interest that is entitled to due process protection"

Newton v. City of New York, No. 07-CV-6211, 2010 WL 323050, at *8 (S.D.N.Y. Jan 27, 2010). The Supreme Court held in Osborne that a federal court "may upset a State's post-conviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." Osoborne, 129 S.Ct at 2320. A post-conviction relief procedure is deemed inadequate if it "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental, or transgresses any recognized principle of fundamental fairness in operation." Id. (citation omitted). It is the plaintiff's "burden to demonstrate the inadequacy of the state-law procedures available to him in state postconviction relief." Id. at 2321.

Plaintiff has not shown that the New York state procedures to obtain the evidence he seeks are inadequate. See e.g., Figuerora v. Morgenthau, No. 09-CV-4188, 2009 WL 3852467 at *2 (S.D.N.Y. Nov. 18, 2009) (New York state's postconviction relief procedure for access to evidence for DNA testing, N.Y. Crim. Proc. L. § 440.30(1-a)(a), is more permissive than the Alaskan procedures that the Supreme Court found constitutional in Osborne). Nor has plaintiff availed himself of the procedures which he seeks to upset; he has not pursued a New York C.P.L.R. Article 78 proceeding to challenge the denial of his appeal. Moreover, plaintiff has not identified any way in which the state procedures were applied in violation of his constitutional rights.

Finally, plaintiff's reliance on <u>Leka v. Portuondo</u>, 257 F. 3d 89, 100 (2d Cir. 2001) for the proposition that "Brady [v. Maryland, 371 U.S. 812 (1962)] requires disclosure of information that the prosecution acquires during trial itself, or even afterwards" is erroneous. In <u>Osborne</u>, the Supreme Court rejected such an expansive view of the state's obligation to reveal potentially exculpatory evidence to post-conviction defendants:

> Given a valid conviction, a criminal defendant has been constitutionally deprived of his liberty. The State accordingly has more flexibility in deciding what procedures are needed in the context of postconviction relief. "[W]hen a State chooses to offer help to those seeking relief from convictions," due process does not "dictat[e] the exact form such assistance must assume." <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 559, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Osborne's right to due process is not parallel to a trial right, but rather must be analyzed in light of the fact that he has already been found guilty at a fair trial, and has only a limited interest in postconviction relief. <u>Brady</u> is the wrong framework.

<u>Osborne</u>, 129 S.Ct. at 2320.

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed because it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A. The Court has considered giving plaintiff leave to amend his complaint but declines to do so in light of its futility. <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000); <u>Gomez v. USAA Fed. Sav. Bank</u>, 171 F.3d 794, 795 (2d Cir. 1999). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/S/
_____
Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
       May 11, 2010