

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

ERIS BLOUNT,

               Plaintiff,

-against-

RICHARD A. BROWN, individually, and as
Supervisor of the Queens County District
Attorney's Office; JOSETTE SIMMONS,
individually, and a Assistant District Attorney
Records Access Officer, Queens County;
GARY S. FIDEL, individually, and as
Executive Assistant District Attorney and
Supervising Officer of the F.O.I.L. Appeals
Unit, Queens County,

               Defendants.
_____X

10-CV-1548 (ARR)

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

       On April 5, 2010, plaintiff filed this pro se complaint pursuant to 42 U.S.C. § 1983 against various officials within the Queens County District Attorney's Office ("DA's Office") alleging that their refusal to grant his request under New York's Freedom of Information Law ("FOIL") for "access to forensic test results of hair samples" violated his constitutional rights. He sought a declaratory judgment stating that the defendants violated his constitutional rights and an injunction compelling defendants to release (i) pubic hair samples taken from him and the rape victim, (ii) the laboratory case number, (iii) the names of the individuals involved in testing the evidence and, (iv) the medical examiner's report. On May 11, 2010, the court dismissed the action for failure to state a claim on which relief may be granted, and it entered judgment for defendants on May 13, 2010.

1

On June 1, 2010, plaintiff filed the instant motion for reconsideration, which the court construes as brought pursuant to Fed. R. Civ P. 59(e) since it was filed within twenty-eight days of the judgment. On July 21, 2010, this court issued an Order which stated, in part: "To the extent petitioner is making an argument that the state procedures available to him were 'fundamentally unfair' under District Attorney's Office for the Third Judicial Dist. v. Osborne, __ U.S. __, 129 S.Ct. 2308, 174 L.Ed.2d 38 (2009), defendant is directed to enter an appearance and respond within thirty (30) days of the date of this order to: (1) the factual allegations asserted in plaintiff's motion for reconsideration, and (2) the relevance of Osborne to the case at hand." July 21, 2010 Order, Dkt. No. 9, at 2. On October 25, 2010, defendant filed a response. Plaintiff filed a reply on November 10, 2010. For the reasons set forth below, plaintiff's motion for reconsideration is denied.

## BACKGROUND

In 1983, plaintiff was convicted of one count of rape, two counts of first degree burglary, and four counts of robbery in Queens County. He is currently serving two consecutive terms of twelve and one-half to twenty-five years.

Plaintiff has filed numerous actions attacking his state court conviction. These actions include state court appeals and post-conviction motions and at least six habeas petitions filed in this court. See Blount v. Sullivan, No. 87-CV-2998, 1989 WL 57429, at * 1 (E.D.N.Y. May 23, 1989); Blount v. Keane, No. 89-CV-2449 (CPS); Blount v. Keane, No. 90-CV-3050, 1991 WL 81930, at *1 (E.D.N.Y. May 6, 1991); Blount v. Keane, No. 91-CV-115 (CPS); Blount v. Artuz, No. 94-CV-5389 (CPS); Blount v. Artuz, No. 97-CV-544 (CPS). Plaintiff also submitted New York Freedom of Information Law ("FOIL") requests in 1994 and 1995 to the New York City Police Department and New York City Medical Examiner's Office, which sought investigative

2

and laboratory reports concerning plaintiff's blood, saliva and pubic hair samples taken in 1982. Compl. at 5-6, Ex. B-E. Those FOIL requests were denied.

In 2007, plaintiff learned through a private investigator that, in 1982, the DA's Office filed an affidavit seeking collection of pubic hair samples from plaintiff for laboratory testing and that the New York Supreme Court ordered collection of those samples. Compl. Ex. A. On October 25, 2007, plaintiff submitted a FOIL request to the DA's Office seeking: (i) pubic hair samples taken from him and the rape victim, (ii) the laboratory case number, (iii) the names of the individuals involved in testing the evidence, and (iv) the medical examiner's report. Compl. Ex. H. The DA's Office denied that request on January 28, 2008. Compl. Ex. J. The DA's office stated that it denied plaintiff's FOIL request because the requested documents were not contained in its files. Id. Further, it stated that, even if the documents were in its possession, the DA's Office would deny the request under section 50-b(1) of the New York Civil Rights Law, which provides that the identity of a victim of a sex offense shall be confidential. Id. Plaintiff appealed this determination on February 7, 2008. Compl. Ex. K. The DA's Office denied that appeal on February 25, 2008. Compl. Ex. L.

By letter dated May 31, 2008, plaintiff filed a petition under Article 78 of the New York C.P.L.R. in New York State Supreme Court, Queens County, challenging the denial of his October 25 FOIL request. Plaintiff's Motion for Reconsideration ("Pl. Mot."), Dkt. No. 8, Ex. B at 3. Plaintiff's Article 78 petition included a form affidavit requesting that he be granted a reduction of the filing fee pursuant to C.P.L.R. § 1101(f). Id.; Plaintiff's Reply ("Pl. Reply"), Dkt. No. 14, Ex. A3. Plaintiff was not immediately granted a reduction in the filing fee, nor was he immediately issued a case index number upon the receipt of his petition by the clerk of court's office. After plaintiff sent two letters to the clerk of court in August 2008 inquiring as to the

status of his petition, Pl. Mot. Ex. C-D., the clerk's office responded to plaintiff by letter dated September 22, 2008. The letter stated that the clerk's office had received plaintiff's petition and that it had "contacted the office of Self-Represented and requested the documents and payments in order to process [his] claim." Pl. Mot. Ex. E. The letter went onto state: "This office will process your action as soon as we receive the documents and payment. Once the claim is processed, we will mail you a computer printout with your case Index number." Id. Plaintiff and the clerk's office exchanged a series of letters over the course of the next year regarding plaintiff's filing fee and the status of his petition. Pl. Mot. Ex. F-I. On January 22, 2010, the New York Supreme Court issued a filing number for plaintiff's Article 78 petition and an order to show cause to the DA's Office. Pl. Mot. Ex. J. On March 2, 2010, the New York Supreme Court denied plaintiff's petition as "untimely as this special proceeding was commenced more than four months after the denial of the FOIL request was final." Pl. Mot. Ex. K.

Plaintiff argues that the "lengthy delay of twenty months in processing Plaintiff's Article 78 Petition in State Court rendered the procedure fundamentally unfair under [Osborne]." Pl. Reply. at 6. Plaintiff contends that he filed his Article 78 petition, which was dated May 31, 2008, within the four month statute of limitations following the February 25, 2008 denial of his FOIL appeal. He asserts that his petition met the requirements for a proper filing under C.P.L.R. § 1101(f), which requires an inmate seeking a reduction of the filing fee to submit a "form affidavit . . . along with the summons and complaint or . . . order to show cause." Thus, plaintiff alleges that the New York Supreme Court denied his application as untimely "because the clerk's office did not process plaintiff's Article 78 petition within the required time frame according to state procedure, rendering his petition untimely." Pl. Reply at 7. Plaintiff notes that he "does not contend that the procedures for filing an Article 78 proceeding [do] not comport with the

4

requirements of due process . . . ." Id. Rather, "[t]he argument here is that the State court clerk's office failed to follow those procedures and, as a result, denied plaintiff his due process right to obtain a proper judicial determination on the merits of his claim." Id.

## LEGAL STANDARD

The standard for granting a motion for reconsideration pursuant to Rule 59(e) is "strict, and reconsideration will generally be denied." Herschaft v. New York City Campaign Finance Bd., 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation omitted). A motion for relief from a judgment is generally not favored and is only granted upon a showing of exceptional circumstances. Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (citing United States v. Int'l Board of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). District courts apply this rule strictly to dissuade repetitive arguments on issues that have already been fully considered by the court. Commercial Union Ins.Co. v. Blue Water Yacht Club Ass'n, 289 F. Supp. 2d 337, 340 (E.D.N.Y. 2003). Consequently, a motion to reconsider should not be granted where a moving party seeks solely to re-litigate an issue already decided. Shrader, 70 F.3d at 257.

## DISCUSSION

The arguments in plaintiff's motion do justify reconsideration of the court's June 1 Order. In his reply papers, plaintiff makes clear that he does not challenge New York's post-conviction relief procedures as "fundamentally unfair" under the Supreme Court's decision in Osborne. Indeed, he explicitly states that he "does not contend that the procedures for filing an Article 78

5

proceeding [do] not comport with the requirements of due process . . . ." Pl. Reply at 7. Instead, he argues that the clerk's office failed to follow those procedures in his case by improperly processing his petition. Plaintiff alleges that the improper processing by the clerk's office led his complaint to be denied as untimely. Thus, he claims he was denied due process as a result of the failure of the clerk's office to properly file his petition.[1]

Even if plaintiff's allegations are taken as true, he has failed to allege facts that would rise to the level of a due process violation. The United States Supreme Court has held that "the Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty, or property. In other words, where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required." Davidson v. Cannon, 474 U.S. 344, 347 (1986). Rather, a plaintiff must demonstrate at least "deliberate indifference or reckless disregard" by a government official in order to show a due process violation. See Johnson v. Coughlin, No. 90 Civ. 1731, 1992 U.S. Dist. LEXIS 17, at *28 (S.D.N.Y. Jan. 2, 1992). Here, plaintiff has failed to allege more than mere negligence by the clerk's office. The record indicates that the clerk's office believed it needed certain "documents and payments" to process plaintiff's petition and issue an index number for the case. Pl. Mot. Ex. E. Even if plaintiff is correct that this belief was erroneous and led to an improper delay in processing his application, that mistaken belief would only rise to the level of negligence by the clerk's office, not deliberate indifference or reckless disregard.[2] See Davidson, 474 U.S. at 348 (holding that respondent's mistaken belief, which led to serious

---

[1] The court notes that such claims are not properly brought against the DA's office, the defendant in this case. Such a complaint would need to be directed against the Clerk of the Supreme Court of the State of New York, Queens County.

[2] To the extent that plaintiff seeks to challenge the decision of the New York Supreme Court denying his petition as untimely on the ground that the clerk improperly processed his Article 78 petition, his proper course of action is to file an appeal in New York State Court.

injury, was negligent). Accordingly, plaintiff has not alleged facts supporting a violation of due process.

## CONCLUSION

In his motion for reconsideration, plaintiff has failed to point to "matters . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257. Plaintiff's motion therefore is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: December 3, 2010
       Brooklyn, New York

**SERVICE LIST:**

### Plaintiff:
Eris Blount
# 83-A-2088
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582-4000

### Defendant:
Via ECF